UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81386-ROSENBERG

LAURIE HORAN, et al.,

    Plaintiffs,

v.

SELECT PORTFIOLIO SERVICING, INC.,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ORDER STAYING CASE

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 34. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted insofar as this case is dismissed in part and stayed in part.

This is a class action case brought under the Fair Debt Collections Practices Act, with the Plaintiffs alleging that the Defendant engaged in deceptive and fraudulent debt collection practices. There are two named Plaintiffs, each of whom relies upon different factual allegations. Each named Plaintiff is addressed in turn.

#### Plaintiff Ben Pike

Although Mr. Pike has brought this case under the Fair Debt Collection Practices Act, Mr. Pike owes no debt to the Defendant, nor does the Defendant act as a collector for any debt that Mr. Pike may owe.[1] Instead, Mr. Pike and the Defendant are currently engaged in litigation in Florida state court, where the Defendant is a foreclosing plaintiff and Mr. Pike is a defendant.[2] DE 25 at 16. Mr. Pike is not a defendant in state court because of a debt. Instead, Mr. Pike is a defendant

---

[1] The Plaintiffs have brought related federal causes of action and similar Florida-law-based causes of action such as a claim under the Florida Consumer Collection Practices Act. The Court's analysis applies to all the Plaintiffs' claims.
[2] The Court takes judicial notice of the parties' state court foreclosure case.

because he holds a junior lien on a property that the Defendant is seeking to foreclose. *Id.* An important factual premise underpinning Mr. Pike's claims is the communications the parties have exchanged as part of the foreclosure process. *Id.*

The Defendant argues that this case should be stayed as to Mr. Pike, pending the resolution of the parties' foreclosure action. Mr. Pike disagrees, arguing that the state court foreclosure action is not a related or parallel proceeding to the debt-collection action before this Court. The Court disagrees, finding that this case resembles a published, binding, recent, and analogous case decided at the Eleventh Circuit Court of Appeals, *Taveras v. Bank of America*, 89 F.4th 1279 (2024).

In *Taveras,* the plaintiff brought federal claims against a defendant in federal court, just like the instant case. *Id.* at 1284. Also like the instant case, the parties in that case were engaged in foreclosure proceedings in state court. *Id.* As a result of the pending foreclosure proceedings, the district court stayed the case, citing *Colorado River* abstention. *Id.* at 1285. The plaintiff appealed, arguing, just like the instant case, that the state foreclosure was not sufficiently related to the federal case. *Id.* The Eleventh Circuit disagreed, affirming the trial court's stay because there was a key issue before the state court. *Id.* at 1286. The state court had to decide the validity of the debt between the parties. *Id.* The validity of that debt was central to the plaintiff's federal claims in federal court. *Id.*

Here, there also are key issues before the state court—the validity of certain charges that the Defendant made in connection with the first mortgage under foreclosure. Additionally, the state court will have to determine whether the Defendant has a legal right to foreclose. The validity of the charges and the legal right to foreclosure are central to Mr. Pike's federal claims before this Court. By way of example, Mr. Pike alleges: "[The Defendant] used deceptive means of collecting a debt by claiming it had the legal right to foreclose and engage in the judicial foreclosure process

when it had not satisfied all legal conditions precedent." DE 25 at 25.  Thus, for the same reasons *Colorado River* abstention was appropriate in *Tavares*, abstention is appropriate here, particularly when the state foreclosure action is scheduled to go to trial as soon as next month.  All of Mr. Pike's claims are stayed pending a resolution of his state court foreclosure proceedings.

<u>Plaintiff Laurie Horan</u>

The other named Plaintiff is Ms. Horan.  Ms. Horan, unlike Mr. Pike, was a borrower under a loan that the Defendant serviced. DE 25 at 12.  Ms. Horan's loan was foreclosed upon, however, and the state court entered a final judgment against Ms. Horan in 2021. *Id.*  There are at least two legal ramifications that flow from the final judgment, and each is fatal to Ms. Horan's claims before this Court.

First, just as with Mr. Pike, Ms. Horan's claims are premised upon the validity of certain charges sought by the Defendant in the state foreclosure process and the legal validity of the Defendant to utilize the foreclosure process in the first place.  But to the extent Ms. Horan's claims are based upon the validity of those things (or the Defendant's communications) *prior* to the entry of final judgment, her claims are barred by res judicata and collateral estoppel because those claims could have been raised in the foreclosure case. *See McCulley v. Bank of Am., N.A.*, 605 F. App'x 875, 877 (11th Cir. 2015) (citing *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986)).

Second, to the extent Ms. Horan's claims are based upon the conduct of the parties *after* the entry of final judgment, Ms. Horan simply has not pled, and cannot plead, any basis for damages.  Ms. Horan's post-judgment claims allege that the Defendant failed to properly respond to her requests for payoff letters and that she wanted those letters so she could redeem her property prior to a foreclosure sale. DE 25 at 12-13.  But those requests for letters cannot form the basis for

3

damages because Ms. Horan's right to redeem the property prior to a foreclosure sale is entirely governed by Florida statute 45.0315, not by any letter or statement generated by the Defendant. Both statutory law and Florida appellate courts are clear on this point:

> [The plaintiff's] assertion that [the defendant] thwarted [the plaintiff's] redemption rights by failing to provide an estoppel letter is without merit. [The plaintiff] ignores section 45.0315, Florida statutes, which addresses the right of redemption. That statute provides that "the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of monies specified in the judgment, order, or decree of foreclosure."

*Whitburn, LLC v. Wells Fargo Bank, N.A.*, 190 So. 3d 1087, 1092 (Fla. Dist. Ct. App. 2015). In short, it was the *judgment* that determined what Ms. Horan had to pay to redeem her property, not any letter that the Defendant may or may not have provided.

For all of the reasons set forth in the Defendant's Motion and Reply, including reasons the Court did not explain or address above, which the Court adopts and incorporates herein as a basis for its decision, it is **ORDERED AND ADJUDGED** that Mr. Pike's claims are stayed and Ms. Horan's claims are dismissed with prejudice as further amendment would be futile. The Clerk of the Court shall **CLOSE** this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of March, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record